**ALPHA TRIAL GROUP, LLP**
RICHARD K. WELSH (State Bar No. 208825)
JEFFREY A. ZUIDEMA (State Bar No. 248057)
10940 Wilshire Blvd., Suite 600
Los Angeles, CA 90024
Telephone: (310) 562-4550
Email: rwelsh@atgllp.com

Counsel for Defendant Edwards Solar II, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| East Bay Community Energy Authority, a California Joint Powers Authority,<br><br>        Plaintiff,<br><br>  v.<br><br>Edwards Solar II, LLC,<br><br>        Defendant. | Case No. 4:23-CV-03924<br><br>**DEFENDANT'S ANSWER TO EAST BAY COMMUNITY ENERGY AUTHORITY'S COMPLAINT**<br><br>**[DEMAND FOR JURY TRIAL]** |

Defendant Edwards Solar II, LLC answers Plaintiff East Bay Community Energy Authority's ("East Bay") Complaint as follows:

## THE PARTIES

1. Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

2. Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

3. Defendant admits it is Delaware limited liability company with offices in New York. On June 10, 2020, Defendant filed a certificate of amendment with the Delaware Secretary of State changing Defendant's name to Edwards Solar 1B, LLC.

## JURISDICTION AND VENUE

4. The allegations in paragraph 4 are legal conclusions to which no answer is required.

5. The allegations in paragraph 5 are legal conclusions to which no answer is required. To the extent a response is required, Defendant states that the terms of the PPA speak for itself and is the best evidence of its contents.

6. The allegations in paragraph 6 are legal conclusions to which no answer is required. To the extent a response is required, Defendant states that the terms of the PPA speak for itself and is the best evidence of its contents.

7. Defendant denies that an actual case or controversy exists between East Bay and Edwards as to the respective rights and obligations under the Renewable Power Purchase Agreement ("PPA") because East Bay has not demanded a Termination Payment or followed the procedures of § 15.2 of the PPA regarding any Termination Payment as required under the PPA.

## GENERAL ALLEGATIONS

8. Defendant admits that Terra-Gen, LLC is an affiliate of Defendant. Defendant denies the remaining allegations of this paragraph.

9. Defendant admits that in 2017 the United States Air Force granted a Terra-Gen affiliate the right to develop a solar photovoltaic power project through a designated affiliate on Edwards Air Force Base (the "Project"). Defendant denies the remaining allegations of this paragraph.

10. Defendant admits that a preliminary and final environmental report were performed for the project site. As for the remaining portions of the first sentence, Defendant states that the environmental reports speak for themselves and are the best evidence of their contents. Defendant, the Air Force, the tribes, and a Terra Gen affiliate signed a memorandum of agreement regarding what areas of Edwards Air Force Base could be permitted and developed. Defendant states that the agreement speaks for itself and is the best evidence of its contents. Defendant denies East Bay's characterization of the agreement to the extent it is inconsistent with its terms. Defendant denies the remaining allegations of this paragraph.

11. Defendant admits that it entered a PPA with Plaintiff dated September 25, 2019. Defendant states that the PPA speaks for itself and is the best evidence of its contents. Defendant denies East Bay's characterization of the PPA to the extent it is inconsistent with its terms.

12. Defendant admits to providing project status reports to East Bay between 2019 and 2021. When Defendant determined it could not execute on the PPA due to the Mission Indian land restrictions, Defendant notified East Bay of the issue. Defendant states that the project reports speak for themselves and are the best evidence of their contents. Defendant denies East Bay's characterization of the notice to the extent it is inconsistent with its terms. Defendant denies the remaining allegations of this paragraph.

13. Defendant admits that in February 2022, it notified East Bay that it could not build the contemplated project to provide renewable power under the PPA due largely to the Mission Indian land restrictions, which resulted in a significant reduction of buildable acres and, thus, a loss of power generating

capability. Defendant states that the notice to East Bay speaks for itself and is the best evidence of its contents. Defendant denies East Bay's characterization of the notice to the extent it is inconsistent with its terms. Defendant denies the remaining allegations of this paragraph.

14. Defendant admits that in February 2022, it notified East Bay that developing land for the PPA had become unfeasible because of the construction limitations imposed by the Mission Indians. Defendant states that the notice speaks for itself and is the best evidence of its contents. Defendant denies East Bay's characterization of the notice to the extent it is inconsistent with its terms. Defendant denies the remaining allegations of this paragraph.

15. Defendant admits that after providing its February 2022 notice, it advised East Bay that it could not construct the project. Defendant states that the notice speaks for itself and is the best evidence of its contents. Defendant denies East Bay's characterization of the notice to the extent it is inconsistent with its terms.

16. Defendant admits that in the July 6, 2022 Quarterly Report requested by East Bay, Defendant reiterated that due to permitting limitations it could not build the Facility. Defendant states that the quarterly report speaks for itself and is the best evidence of its contents. Defendant denies East Bay's characterization of the quarterly report to the extent it is inconsistent with its terms.

17. Defendant admits that in November 2022, after discussions with and repeated notices to East Bay, Defendant further informed East Bay that it could not construct the Facility. Defendant also advised East Bay that the PPA specifies the applicable remedy as a Damage Payment, set forth in Sections 11.1 and 11.2. The notice and PPA speak for themselves and are the best evidence of their contents. Defendant denies East Bay's characterization of the notice and PPA to the extent it is inconsistent with their terms.

18. Defendant admits that East Bay invoked the Dispute Resolution provisions of PPA § 15.2 and that mediated certain claims in July 2023 before JAMS.

## The Case or Controversy

19. Defendant denies the allegations of this paragraph.

20. The allegations in paragraph 20 are legal conclusions to which no answer is required. To the extent that any response is required, Defendant lacks knowledge and information sufficient to form a belief as to the allegations of paragraph 20 and therefore denies them.

21. The allegations in paragraph 21 are legal conclusions to which no answer is required. To the extent that any response is required, Defendant lacks knowledge and information sufficient to form a belief as to the allegations of paragraph 21 and therefore denies them.

22. The allegations in paragraph 22 are legal conclusions to which no answer is required. To the extent that any response is required, Defendant denies that East Bay declared Early Termination or sought a Termination Payment, to which Defendant would be granted an opportunity to respond and have brought in mediation before any litigation commenced pursuant to §§ 11.5 and 15.2. The PPA speaks for itself and is the best evidence of its contents. Defendant denies East Bay's characterization of the PPA to the extent it is inconsistent with its terms. Defendant lacks knowledge and information sufficient to form a belief as to the remaining allegations of paragraph 22 and therefore denies them.

23. The allegations in paragraph 23 are legal conclusions to which no answer is required. To the extent that any response is required, the PPA speaks for itself and is the best evidence of its contents. Defendant denies East Bay's characterization of the PPA to the extent it is inconsistent with its terms. Defendant lacks knowledge and information sufficient to form a belief as to the remaining allegations of paragraph 23 and therefore denies them.

24. The allegations in paragraph 24 are legal conclusions to which no answer is required. To the extent that any response is required, the PPA speaks for itself and is the best evidence of its contents. Defendant denies East Bay's characterization of the PPA to the extent it is inconsistent with its terms. Defendant denies the remaining allegations of paragraph 24.

25. Defendant admits that it could not build the Project due to permitting limitations and restrictions. Defendant denies the remaining allegations of paragraph 25.

26. The allegations in paragraph 26 are legal conclusions to which no answer is required. To the extent that any response is required, the PPA speaks for itself and is the best evidence of its contents. Defendant denies East Bay's characterization of the PPA to the extent it is inconsistent with its terms. Defendant denies the remaining allegations of paragraph 26.

27. The allegations in paragraph 27 are legal conclusions to which no answer is required. To the extent that any response is required, the PPA speaks for itself and is the best evidence of its contents. Defendant denies East Bay's characterization of the PPA to the extent it is inconsistent with its terms. Defendant denies the remaining allegations of paragraph 27.

28. The allegations in paragraph 28 are legal conclusions to which no answer is required. To the extent that any response is required, the PPA speaks for itself and is the best evidence of its contents. Defendant denies East Bay's characterization of the PPA to the extent it is inconsistent with its terms. Defendant admits that it stated East Bay's remedies are limited to a "Damage Payment," but denies the remaining allegations of paragraph 28.

## **CLAIM FOR RELIEF**

29. Defendant incorporates by reference each of the responses from the preceding paragraphs.

30. Defendant denies that an actual case or controversy exists between East Bay and Edwards as to the respective rights and obligations under the Renewable Power Purchase Agreement ("PPA") in part because East Bay has not demanded a Termination Payment or followed the procedures of § 15.2 of the PPA regarding any Termination Payment. Defendant denies all remaining allegations in paragraph 30.

31. The allegations of paragraph 31 are legal conclusions to which no response is required. To the extent that any response is required, Defendant denies the allegations of paragraph 31.

## PRAYER FOR RELIEF

32. The remaining portions of East Bay's complaint are prayers for relief to which no response is required. To the extent any response is required, Defendant denies that East Bay is entitled to any of the relief sought and, thus, deny the relief sought by East Bay. Defendant further requests that the Court award it its attorneys' fees, costs, and expenses for defending against East Bay's claim, and award Defendant such other and further relief as may be just.

## AFFIRMATIVE DEFENSES

1. East Bay's Complaint fails to state a claim upon which relief may be granted.

2. East Bay's Complaint fails, in whole or in part, under Articles 11 and 12 of the PPA expressly limiting East Bay's available remedies to liquidated damages.

3. East Bay's Complaint fails, in whole or in part, under the doctrine of frustration of purpose.

4. East Bay's Complaint fails, in whole or in part, under the doctrine of impossibility or impracticability.

5. East Bay's Complaint fails, in whole or in part, because it failed to mitigate its damages.

6. East Bay's Complaint fails, in whole or in part, under the doctrine of mistake, whether unilateral or mutual.

7. East Bay's Complaint fails, in whole or in part, under the doctrine of unconscionability.

8. East Bay's Complaint fails, in whole or in part, under the doctrine of unclean hands.

9. East Bay's Complaint fails, in whole or in part, under the doctrine of unjust enrichment.

10. East Bay's Complaint fails, in whole or in part, in that Defendant was excused from performing.

11. East Bay's Complaint fails, in whole or in part, under the doctrines of waiver and estoppel.

12. East Bay's Complaint fails, in whole or in part, in that Defendant was prevented from performing by the actions of third parties.

13. East Bay's Complaint fails, in whole or in part, because Defendant tendered the liquidated damages available to East Bay under the PPA.

14. East Bay's Complaint fails, in whole or in part, for failure of condition precedent.

DATED: August 29, 2023          **ALPHA TRIAL GROUP, LLP**

By:_____
RICHARD K. WELSH
Counsel for Defendant Edwards Solar II, LLC

**DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial on all issues properly triable to a jury.

DATED: August 29, 2023          **ALPHA TRIAL GROUP, LLP**

By:_____
RICHARD K. WELSH
Counsel for Defendant Edwards Solar II, LLC